**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re: Chapter 7

NANCY ROSA, Case No. 26-22118 (SHL)

Debtor.

---

E.W., an infant by her mother and natural guardian, ALENNA MERRITT, and ALENNA MERRITT, individually, Adv. Proc. No. _____________

Plaintiffs,

-against-

NANCY ROSA,

Defendant.

---

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(6)

Plaintiffs, E.W., an infant by her mother and natural guardian, Alenna Merritt, and Alenna Merritt, individually (collectively, "Plaintiffs"), by their attorneys, Mark David Shirian P.C., as and for their Adversary Complaint against Defendant-Debtor Nancy Rosa ("Defendant" or "Debtor"), respectfully allege upon information and belief as follows:

## NATURE OF ACTION

1. This is an adversary proceeding pursuant to 11 U.S.C. § 523(a)(6) and Federal Rule of Bankruptcy Procedure 7001(6) to determine the nondischargeability of debts owed by Defendant-Debtor Nancy Rosa to Plaintiffs arising from Defendant's willful and

malicious assault and battery of the minor Plaintiff E.W., a thirteen-year-old child, on April 18, 2024, and Defendant's subsequent willful and malicious defamation of Plaintiffs on or about August 3, 2024.

2. The conduct giving rise to Plaintiffs' claims, namely a closed-fist attack by an adult upon a child on school grounds and the subsequent publication of false and defamatory statements concerning Plaintiffs, constitutes "willful and malicious injury by the debtor to another entity" within the meaning of 11 U.S.C. § 523(a)(6) and renders the resulting debts nondischargeable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a) because this adversary proceeding arises in and is related to the above-captioned bankruptcy case pending in this District.

6. Plaintiffs consent to the entry of final orders and judgment by this Court.

## PARTIES

7. Plaintiff E.W. is a minor child residing with her mother and natural guardian, Alenna Merritt, at 137 Alexander Street, Apartment 2402, Yonkers, New York 10701.

8. Plaintiff Alenna Merritt is the mother and natural guardian of E.W. and brings this action on behalf of her minor daughter and in her individual capacity for losses sustained as a result of Defendant's conduct.

9. Defendant Nancy Rosa is an individual residing at 18 McFadden Circle, Yonkers, New York 10701, and is the debtor in the above-captioned Chapter 7 bankruptcy proceeding.

## PROCEDURAL BACKGROUND

10. On April 29, 2024, a sworn Notice of Claim was duly served on behalf of Plaintiffs upon The City of Yonkers, Yonkers Public Schools, Yonkers City School District, The City of Yonkers Board of Education, and Yonkers Montessori Academy.

11. On July 1, 2024, a hearing pursuant to General Municipal Law § 50-h was held, at which Plaintiffs E.W. and Alenna Merritt provided sworn testimony regarding the April 18, 2024 incident.

12. On April 2, 2025, Plaintiffs commenced an action in the Supreme Court of the State of New York, County of Westchester, captioned E.W., an infant, by her mother and natural guardian, Alenna Merritt, and Alenna Merritt, individually v. The City of Yonkers, et al., Index No. 60311/2025 (the "State Court Action"), asserting claims against Defendant Nancy Rosa for assault and battery and for defamation and slander.

13. On February 3, 2026, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy case.

14. On March 12, 2026, the first meeting of creditors pursuant to 11 U.S.C. § 341(a) was held.

15. The deadline for filing complaints to determine the dischargeability of debts pursuant to 11 U.S.C. § 523(c) and Federal Rule of Bankruptcy Procedure 4007(c) is May 11, 2026. This Adversary Complaint is timely filed.

## FACTUAL ALLEGATIONS

### *A. The April 18, 2024 Assault and Battery*

16. On April 18, 2024, at approximately 7:15 a.m., the minor Plaintiff E.W., then thirteen years old, was discharged by school bus at Yonkers Montessori Academy, located at 160 Woodlawn Avenue, Yonkers, New York 10704, where she was enrolled as a middle school student.

17. As E.W. walked from the bus drop-off area toward the school entrance, she was approached by a group of individuals that included Defendant Nancy Rosa, who is believed to be the grandmother of another student then enrolled at Yonkers Montessori Academy.

18. Without provocation, Defendant Nancy Rosa initiated a physical assault on E.W. by striking E.W. in the face with a closed fist.

19. The blow struck by Defendant caused E.W.'s contact lens to dislodge, her temple to swell, and inflicted severe physical pain and emotional trauma upon a thirteen-year-old child.

20. Defendant's attack on E.W. was intentional and deliberate, undertaken with the specific purpose of causing physical injury and emotional harm to E.W.

21. Defendant participated in the assault alongside other individuals, including two minors identified as "Tamia" and "Kaitlyn" and other adults, in a coordinated attack while E.W. attempted to retreat.

22. The assault occurred in full view of other students, several of whom recorded the incident on their phones, producing video evidence of Defendant's conduct.

23. As a direct and proximate result of Defendant's assault and battery, E.W. sustained physical injuries including facial swelling, a fractured left ring finger, and a swollen ankle, together with emotional injuries including post-traumatic stress, anxiety, nightmares, and humiliation, all of which are believed to be permanent and continuing.

24. E.W. required emergency medical treatment, including hospital evaluation, and continues to require psychological care as a direct and proximate result of Defendant's conduct.

25. Plaintiff Alenna Merritt has incurred substantial expenses for medical care and treatment of E.W., has lost time from work to care for E.W., and has suffered profound emotional distress as a direct and proximate result of Defendant's assault and battery upon her minor daughter.

***B. The August 3, 2024 Defamatory Publication***

26. On or about August 3, 2024, Defendant Nancy Rosa, jointly with another individual, published false and defamatory statements concerning Plaintiffs on the online community platform Yonkers Voice.

27. The defamatory publication falsely stated that Plaintiff Alenna Merritt "has a special relationship" because she is "part of the government," falsely implying that Ms. Merritt

exercised undue influence, corruption, or improper conduct in connection with the events of April 18, 2024.

28. The defamatory publication further falsely stated that E.W., the thirteen-year-old minor Plaintiff and the actual victim of the April 18, 2024 assault, was the perpetrator of bullying against children with disabilities and had threatened to harm or kill them.

29. The defamatory statements were false at the time they were made and published. Plaintiff Alenna Merritt has never been employed by or otherwise affiliated with any government agency, save for service as a member of a Community Planning Board. The minor Plaintiff E.W. was the victim, and not the perpetrator, of the April 18, 2024 assault.

30. Defendant published the defamatory statements with actual knowledge of their falsity, or with reckless disregard for their truth, and with the specific intent to cause harm to Plaintiffs' reputations, to retaliate against Plaintiffs for pursuing legal claims arising from the April 18, 2024 assault, and to discredit Plaintiffs publicly.

31. The defamatory statements constituted libel per se in that they accused Plaintiff Alenna Merritt of corruption and abuse of governmental influence and accused the minor Plaintiff E.W. of criminal and morally reprehensible conduct, including threatening harm and death to disabled children.

32. As a direct and proximate result of Defendant's defamatory publication, Plaintiffs have suffered reputational harm, emotional distress, humiliation, and mental anguish.

## COUNT ONE

**Nondischargeability Pursuant to 11 U.S.C. § 523(a)(6)**

**(Willful and Malicious Injury – Assault and Battery)**

33. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth herein.

34. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

35. Defendant's striking of the minor Plaintiff E.W. in the face with a closed fist on April 18, 2024 was "willful" within the meaning of 11 U.S.C. § 523(a)(6) because Defendant acted with the intent to cause the resulting injuries to E.W., and not merely with an intent to commit an act that incidentally caused injury.

36. Defendant's conduct was "malicious" within the meaning of 11 U.S.C. § 523(a)(6) because it was wrongful, intentional, undertaken without just cause or excuse, and necessarily produced harm to E.W., a thirteen-year-old child whom Defendant had no lawful authority to strike.

37. The debt owed by Defendant to Plaintiffs arising from the April 18, 2024 assault and battery, including but not limited to damages for physical injury, pain and suffering, emotional distress, past and future medical and psychological treatment, loss of services, punitive damages, costs, and disbursements, is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## COUNT TWO

### Nondischargeability Pursuant to 11 U.S.C. § 523(a)(6)

### (Willful and Malicious Injury – Defamation Per Se)

38. Plaintiffs repeat and reallege each of the foregoing allegations as if fully set forth herein.

39. Defendant's publication on or about August 3, 2024 of false and defamatory statements concerning Plaintiffs was "willful" within the meaning of 11 U.S.C. § 523(a)(6) because Defendant published the statements with knowledge of their falsity, or with reckless disregard for their truth, and with the specific intent to harm Plaintiffs' reputations and to inflict emotional injury upon Plaintiffs.

40. Defendant's defamatory publication was "malicious" within the meaning of 11 U.S.C. § 523(a)(6) because it was wrongful, intentional, undertaken without just cause or excuse, and necessarily produced reputational and emotional harm to Plaintiffs, including a thirteen-year-old child whom Defendant publicly accused of criminal conduct.

41. The debt owed by Defendant to Plaintiffs arising from the August 3, 2024 defamatory publication, including but not limited to compensatory damages for reputational harm, emotional distress and mental anguish, punitive damages, costs, and disbursements, is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant Nancy Rosa as follows:

a. Determining that the debts owed by Defendant Nancy Rosa to Plaintiffs E.W. and Alenna Merritt arising from the April 18, 2024 assault and battery are nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

b. Determining that the debts owed by Defendant Nancy Rosa to Plaintiffs E.W. and Alenna Merritt arising from the August 3, 2024 defamatory publication are nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

c. Awarding Plaintiffs costs, disbursements, and attorneys' fees as permitted by law; and

d. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 11, 2026

**MARK DAVID SHIRIAN P.C.**

By: ______________________

Mark D. Shirian, Esq.
Attorneys for Plaintiffs
228 East 45th Street, Suite 1700-B
New York, New York 10017
Tel.: (212) 931-6530
Fax: (212) 898-0163
Email: mshirian@shirianpc.com