UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

In re:

NANCY ROSA

Debtor.

Case No. 26-22118 (SHL)
Chapter 7

------------------------------------------------------x

E.W., an infant by her mother and natural guardian, ALENNA MERRITT, and ALENNA MERRITT, individually,

Plaintiff

-against-

NANCY ROSA,

Defendant.

Adversary No. 26-07063-shl

------------------------------------------------------x

**DEFENDANT-DEBTOR NANCY ROSA'S MOTION TO DISMISS**
**ADVERSARY COMPLAINT**

Defendant-Debtor Nancy Rosa ("Defendant" or "Debtor"), by and through undersigned counsel, respectfully moves this Court for an order dismissing the Adversary Complaint filed by Plaintiffs E.W., an infant by her mother and natural guardian, Alenna Merritt, and Alenna Merritt, individually (collectively, "Plaintiffs"), pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6), and for such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

This adversary proceeding seeks to except from discharge alleged unliquidated tort debts arising from an alleged schoolyard incident and a later alleged online publication. The Complaint invokes 11 U.S.C. § 523(a)(6), but it does not plead facts sufficient to plausibly establish that any

debt owed by Debtor is “for willful and malicious injury” within the meaning of the Bankruptcy Code.

Plaintiffs’ allegations are conclusory where it matters most. They recite the statutory words “willful” and “malicious,” but do not plead nonconclusory facts showing that Debtor subjectively intended to cause the specific injuries alleged, as required under controlling law. Nor do they plead facts showing that the alleged defamation claim, which is pleaded on information and belief and without the actual words published, context, speaker attribution, or actionable falsity with particularity, constitutes a willful and malicious injury for nondischargeability purposes. At most, the Complaint attempts to transform disputed state-law tort allegations into a nondischargeability judgment before liability or damages have been determined.

Because exceptions to discharge are narrowly construed against the creditor and in favor of the debtor’s fresh start, and because Plaintiffs have failed to plead a plausible claim under § 523(a)(6), the Adversary Complaint should be dismissed.

## RELEVANT ALLEGATIONS

For purposes of this motion only, Defendant assumes the truth of well-pleaded factual allegations, while disputing Plaintiffs’ characterizations, legal conclusions, and allegations made on information and belief. Plaintiffs allege that Debtor filed a Chapter 7 petition on February 3, 2026, and that Plaintiffs thereafter commenced this adversary proceeding seeking a determination of nondischargeability under § 523(a)(6). Plaintiffs allege two categories of conduct: first, an alleged April 18, 2024, physical altercation involving minor Plaintiff E.W. at

Yonkers Montessori Academy; and second, an alleged August 3, 2024, online publication on Yonkers Voice concerning Plaintiffs.

The Complaint does not allege that Plaintiffs hold a final judgment against Debtor. It does not establish the amount, if any, of any debt. It does not attach the alleged online publication, plead its full text, identify the precise role or words of Debtor as distinct from any other person, or allege facts showing that Debtor intended to cause the specific injuries that Plaintiffs claim. Instead, the Complaint relies principally on labels and conclusions that the alleged conduct was “willful,” “malicious,” “intentional,” and “deliberate.”

Debtor’s source of income is her daycare business. As a result of the claims asserted against her, the daycare was closed while an investigation was conducted. Ultimately, Debtor received only a fine relating to conditions. She was not found guilty of any assault, battery or any other the felony charges. After the investigation was completed she was permitted to reopen the daycare.

Plaintiffs have filed a civil action concerning these matters, which remains pending; however, no judgment has been entered against Debtor. In her affidavit filed in the related state-court action, Debtor expressly denies punching, touching, or otherwise physically contacting Plaintiff E.W., and the Complaint itself does not identify evidence establishing that Debtor made physical contact with Plaintiff. A copy of Debtor’s affidavit in opposition is annexed hereto as **Exhibit A**.

## ARGUMENT

### I. The Complaint Fails to State a Plausible Claim Under Rule 7012 and Rule 12(b)(6)

Federal Rule of Bankruptcy Procedure 7012 makes Federal Rule of Civil Procedure 12(b)(6) applicable in adversary proceedings. To survive dismissal, a complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. A pleading that offers labels, conclusions, or a formulaic recitation of the elements is insufficient.

That standard applies with particular force here because Plaintiffs seek an exception to discharge. Exceptions to discharge are construed narrowly, and the creditor bears the burden of establishing each element of nondischargeability. Plaintiffs therefore must plead facts making it plausible that the alleged debt is not simply based on an intentional act, but is a debt for a willful and malicious injury.

### II. Plaintiffs Do Not Adequately Plead a "Willful" Injury Under § 523(a)(6)

Section 523(a)(6) excepts from discharge only debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Supreme Court has made clear that "willful" modifies "injury," meaning that a plaintiff must show a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Thus, allegations of intentional conduct, negligence, recklessness, or even intentional tort labels do not automatically satisfy § 523(a)(6). "Negligence and recklessness are insufficient" under § 523(a)(6). *Kahlon v. Itzhak (In re Itzhak)*, Nos. Chapter 11 (Subchapter V), 24-10669, 25-01042, 2026 Bankr. LEXIS 1951, at 32-33 (Bankr. S.D.N.Y. Aug. 5, 2026); *Paredes*, 2017 Bankr. LEXIS 1679, 2017 WL 2603687, at 6 (citing *Soliman*, 539 B.R. at 699).

Here, the Complaint asserts that Debtor struck E.W. and that injuries followed, but it does not plead nonconclusory facts establishing that Debtor acted with the subjective intent to cause the specific injuries alleged. Debtor has expressly denied, under oath, punching, touching, or otherwise physically contacting Plaintiff E.W., as reflected in **Exhibit A**. The Complaint also does not identify evidence establishing such contact by Debtor. Instead, the pleading repeatedly characterizes the alleged act as intentional and malicious, but those characterizations are not factual allegations. "To establish that a debtor acted willfully," a plaintiff must prove "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Paredes*, 2017 Bankr. LEXIS 1679, 2017 WL 2603687, at 6 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998)). Accordingly, without facts supporting an inference that Debtor intended injury, rather than merely allegedly participated in or was present during a disputed altercation, Count One fails to state a claim under § 523(a)(6).

## III. Plaintiffs Do Not Adequately Plead "Malicious" Injury

To plead malice under § 523(a)(6), Plaintiffs must allege facts showing wrongful conduct committed without just cause or excuse and with injury necessarily resulting. The Complaint does not do so. It provides no factual context concerning what preceded the alleged incident, what Debtor allegedly observed, what role other persons allegedly played, or why the Court may plausibly infer that any injury was inflicted without just cause or excuse. Plaintiffs' bare assertion that Debtor acted "without provocation" is a conclusion, not a substitute for facts. The Debtor's attached affidavit explains what truly happened. "[T]he plaintiff must prove that the debtor's act was 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.'" *Soliman,* 539 B.R. at 699 (quoting *Navistar Fin. Corp. v. Stelluti (In re*

*Stelluti)*, 94 F.3d 84, 87 (2d Cir. 1996)). Therefore, the Complaint fails to plead facts supporting the malice element and Count One should be dismissed.

**IV. The Defamation-Based Nondischargeability Claim Is Independently Deficient**

Count Two fares no better. Plaintiffs allege that Debtor “jointly with another individual” published statements on Yonkers Voice, but the Complaint does not attach the publication, identify the full statement, explain the publication context, distinguish Debtor’s alleged words from those of another speaker, or plead facts showing that Debtor knew the statements were false and specifically intended to injure Plaintiffs.

Defamation allegations cannot be converted into a § 523(a)(6) claim merely by adding the words “willful” and “malicious.” The Complaint must plead facts showing a deliberate injury. Allegations that a statement was false, harmful, or even reckless do not, without more, plausibly establish the subjective intent to injure required for nondischargeability. The debtor must engage in conduct where he actually intends to injure the party, or engages in conduct where the consequences are 'substantially certain' to result therefrom." *Paredes*, 2017 Bankr. LEXIS 1679, 2017 WL 2603687, at 6 (citing Restatement (Second) Of Torts § 8A (1965)) (holding that § 523(a)(6) "incorporates the common law meaning of willful, which is established when '[an] actor desires to cause consequences of his act, or that he believes that the consequences are substantially certain to result from it'").

Nor does the Complaint plead facts sufficient to show that any alleged defamatory debt has been liquidated, reduced to judgment, or otherwise determined in a way that supports the relief requested. Accordingly, Count Two should be dismissed.

**V. In the Alternative, Plaintiffs Should Be Required to Replead with Greater Particularity**

If the Court does not dismiss the Complaint with prejudice, Defendant respectfully requests that Plaintiffs be required to file an amended complaint that pleads the alleged facts with specificity, including the precise conduct attributed to Debtor, the factual basis for any alleged intent to injure, the exact allegedly defamatory words, the publication context, the identity of the speaker or speakers, and the debt or damages Plaintiffs contend are nondischargeable.

## CONCLUSION

For the foregoing reasons, Defendant-Debtor Nancy Rosa respectfully requests that the Court enter an order dismissing the Adversary Complaint in its entirety pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6), together with such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
August 18, 2026

BRONSON LAW OFFICES, P.C.
By: *<u>/s/H. Bruce Bronson</u>*
H. Bruce Bronson, Esq.
480 Mamaroneck Avenue
Harrison, New York 10528
Telephone: (914) 269-2530
Fax: (888) 908-6906

**EXHIBIT A**

Affidavit in Opposition to Motion for Default Judgment, filed in *E.W., an infant, by her mother and natural guardian, Alenna Merritt, and Alenna Merritt, individually v. The City of Yonkers, et al.*, Index No. 60311/2025.

FILED
OCT 24 2025
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

-----------------------------------------------------------------------X

**E.W., an infant, by her mother and natural guardian, ALENNA MERRITT, and ALENNA MERRITT,**

**Individually,**

**Index No.: 60311/2025**

**Plaintiffs,**

**-against-**

**THE CITY OF YONKERS, YONKERS PUBLIC SCHOOLS, YONKERS CITY SCHOOL DISTRICT, THE CITY OF YONKERS BOARD OF EDUCATION, YONKERS MONTESSORI ACADEMY, NANCY**

**ROSA, CHRISTINA DOE, and JANE DOES 1-6,**

**Defendants.**

-----------------------------------------------------------------------X

**AFFIDAVIT IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** Motion #2

NANCY ROSA, being duly sworn, deposes and says:

1. I am the defendant NANCY ROSA in this action, residing at 18 McFadden Circle, Yonkers, NY 10701. I su
2. bmit this affidavit in opposition to plaintiffs' motion for a default judgment pursuant to CPLR 3215, based on my personal knowledge of the facts and circumstances herein. I am currently appearing pro se but am actively seeking counsel to represent me in this matter.
3. I respectfully request that the Court deny plaintiffs' motion in its entirety, as I have a reasonable excuse for my delay in answering the complaint and a meritorious defense to the claims asserted against me.

4. Pursuant to CPLR 5015(a)(1), a default may be vacated upon a showing of excusable default and a potentially meritorious defense, and New York courts have a strong public policy favoring the resolution of cases on their merits rather than by default (see, e.g., U.S. Bank N.A. v. Poku, 118 A.D.3d 980, 989 N.Y.S.2d 75 [2d Dept. 2014]).
5. Regarding service of process, I acknowledge that the summons and verified complaint were served on an authorized person at my residence on or about April 10, 2025 (noting the apparent typographical error in plaintiffs' affirmation referring to 2024).
6. My time to answer or otherwise respond expired on or about May 20, 2025, pursuant to CPLR 320(a) and applicable executive orders.
7. Upon receiving the summons and complaint in April 2025, I immediately began seeking legal representation, as I am not an attorney and recognized the seriousness of the allegations.
8. In late April 2025, I retained an attorney from a local Yonkers law firm who initially agreed to represent me.
9. We discussed the case, and he reviewed the complaint, assuring me he would handle the response.
10. However, in early June 2025, this attorney informed me that he had to withdraw. He provided no further assistance and refunded my initial retainer fee.
11. Since that time, I have been diligently searching for new counsel.
12. My efforts have been hampered by my limited financial resources and the complexity of finding counsel experienced in civil assault claims involving schools.
13. I did not ignore the matter but believed it was prudent to secure proper representation before filing any response, as a pro se filing could prejudice my defense.
14. I received plaintiffs' good faith letter dated July 23, 2025, requesting a response within ten days

15. . Without counsel at that time, I attempted to contact plaintiffs' attorney by phone on or about July 28, 2025, to request additional time but received no return call.
16. I am filing a pro se answer.
17. I continued my search for an attorney.
18. My delay was not willful but resulted from these genuine difficulties in obtaining representation, which constitutes an excusable default under New York law (see, e.g., Chelli v. Kelly Group, P.C., 63 A.D.3d 632, 883 N.Y.S.2d 26 [1st Dept. 2009], recognizing law office issues or similar excuses; see also general policy in Vacating a Default Judgment, NY CourtHelp, emphasizing excusable neglect).
19. Moreover, I have a meritorious defense to the claims of assault and battery alleged in the complaint and detailed in the 50-h hearing transcript (Exhibit F to plaintiffs' motion). I categorically deny punching or otherwise physically contacting the infant plaintiff E.W. or causing her any injury. On April 18, 2024, I was present at the Yonkers Montessori Academy as the grandmother of student Kaitlyn to pick her up after school. I witnessed a verbal altercation escalate between students, including E.W., Kaitlyn, and Tamia, but I did not participate in any physical violence. Instead, I attempted to intervene verbally to de-escalate the situation and separate the children, urging them to stop arguing. At no point did I make physical contact with E.W., such as punching her in the face or temple as alleged. Any swelling, fracture, or other injuries claimed by E.W. were not caused by me, and I believe they may have resulted from interactions among the students themselves or other adults present.
20. Supporting my defense, no criminal charges were ever filed against me in connection with this incident, despite police involvement at the time. I cooperated fully with any investigation, and the lack of any arrest, indictment, or conviction underscores my innocence and the absence of probable cause for criminal liability. In a civil assault and battery case, where the burden is preponderance of the evidence, my denial of

intentional harmful contact, combined with the lack of criminal proceedings, establishes a triable issue of fact warranting denial of default (see, e.g., general defenses in New York assault cases, such as denial of elements under PJI 3:3 [assault] and PJI 3:4 [battery]; see also cases like Smith v. County of Erie, 295 A.D.2d 1010, 743 N.Y.S.2d 649 [4th Dept. 2002], emphasizing need for intent and contact).

21. I am prepared to submit a proposed verified answer denying the allegations and asserting affirmative defenses, including lack of intent, non-involvement, and failure to state a claim, if the Court grants me leave.

22. Granting plaintiffs' motion would cause me severe prejudice, as I would be deprived of my right to defend against these serious accusations without a hearing on the merits.

23. Conversely, plaintiffs will suffer no prejudice from denial of the motion, as the case is in its early stages, discovery has not commenced, and the action proceeds against the other defendants who have appeared and answered.

24. The delay has been minimal in the context of the litigation, and my prompt opposition to this motion (filed within days of its service) demonstrates my intent to defend vigorously.

25. No prior application for this relief has been made to this or any other court.

WHEREFORE, I respectfully request that the Court deny plaintiffs' motion for default judgment in its entirety, grant me an extension of 30 days from the date of the Court's order to serve and file an answer or otherwise appear through counsel, and award such other and further relief as the Court deems just and proper.

Dated: Yonkers, New York

October 22, 2025

________________________________

NANCY ROSA

18 McFadden Circle

Yonkers, NY 10701

Sworn to before me this

~~22nd~~ 24 day of October, 2025

GEORGIA ANN SERRANO
Notary Public - State of New York
NO. 01SE6403183
Qualified in Bronx County
My Commission Expires Jan 21, 2028

Notary Public

To:

MARK DAVID SHIRIAN, ESQ.

MARK DAVID SHIRIAN P.C.

Attorneys for Plaintiffs

228 East 45th Street, Suite 1700-B

New York, New York 10017

(212) 931-6530

ABRAMS FENSTERMAN LLP

Attorneys for Defendants

YONKERS PUBLIC SCHOOLS, YONKERS CITY SCHOOL DISTRICT, THE CITY OF YONKERS BOARD OF EDUCATION, and YONKERS MONTESSORI ACADEMY

81 Main Street, Suite 306

White Plains, NY 10601